IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| FELIX LYLE COWAN, <br> (TDCJ-CID #00856062) <br><br> Petitioner, <br><br> vs. <br><br> ADRIAN GARCIA, <br><br> Respondent. | § § § § § § § § § § § CIVIL ACTION H-11-0934 |

## MEMORANDUM AND OPINION

Petitioner Felix Lyle Cowan seeks habeas corpus relief under 28 U.S.C. § 2254. Liberally construed, he challenges a civil commitment order imposed in the 179th Judicial District Court of Harris County, Texas. The threshold issue is whether Cowan has presented his grounds for federal habeas relief to the highest state court with criminal jurisdiction. Having considered the record, and applicable authorities, the court dismisses Cowan's petition for failure to exhaust available state court remedies.

In rambling pleadings, Cowan asserts that he is a member of various federal secret service agencies and that he has been kidnaped and detained. Though Cowan complied with this court's order to complete and return a form petition for a writ of habeas corpus under 28 U.S.C. § 2254, (Docket Entry No. 4), Cowan's claims are still hard to understand.

Liberally construed, Cowan is challenging a civil commitment order imposed by the 179th Judicial District Court of Harris County, Texas. Cowan does not provide information regarding the date this civil commitment was imposed or the length of the sentence.

Through online research, the court has learned that Cowan was charged with assaulting a security officer in November 2010. Because he was exhibiting delusional behavior, the trial court recommended that Cowan's mental competence be evaluated. On February 17, 2011, the trial court ordered Cowan committed to the North Texas State Hospital, Vernon Campus, for up to 120 days. Cowan's pleadings show that he is currently in the custody of the Mental Health and Mental Retardation Authority, ("MHMRA"). (Docket Entry No. 5, p. 1).

From the petition, it appears that Cowan is challenging the civil commitment order from the 179th Judicial District Court of Harris County, Texas. Cowan has not filed a petition for discretionary review in the Texas Court of Criminal Appeals, and he has not filed an application for state habeas corpus relief.

On March 3, 2011, this court received Cowan's federal petition. Cowan contends that his confinement is illegal for the following reasons:

(1) he is a federal officer, and he was kidnaped;

(2) he is part of the military police;

(3) his right to due process was violated; and

(4) he is entitled to immunity.

(Docket Entry No. 4, Petition for Writ of Habeas Corpus, pp. 6-7).

Prisoners suing under section 2254 are required to exhaust their claims in state court before applying for federal collateral relief. *See Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). A federal court should dismiss a state prisoner's federal habeas petition if the prisoner has not exhausted available state remedies as to any

of his federal claims. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). 28 U.S.C. § 2254(b) and (c) provide in part as follows:

> (b) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that (A) the applicant has exhausted the remedies available in the courts of the State; or (B) (i) there is an absence of available state corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

A state prisoner must exhaust available state court remedies before he can seek federal habeas corpus relief unless there are circumstances that make the state corrective process ineffective to protect the prisoner's rights. *Picard v. Connor*, 404 U.S. 270, 275-76 (1971). A claim is not exhausted unless the habeas petitioner provides the highest state court with a "fair opportunity to pass upon the claim," which in turn requires that the petitioner "present his claims before the state courts in a procedurally proper manner according to the rules of the state courts." *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999) (quoting *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988)). A federal court may raise on its own a petitioner's failure to exhaust state law remedies and apply that doctrine to bar federal litigation of petitioner's claims until exhaustion is complete. *Magouirk v. Phillips*, 144 F.3d 348, 357 (5th Cir. 1998) (citing *Graham v. Johnson*, 94 F.3d 958, 970 (5th Cir. 1996)).

Cowan states that he has not filed a state habeas application in the convicting court. (Docket Entry No. 1, Petition for a Writ of Habeas Corpus, pp. 3-4). Cowan appears to state that he filed a petition for discretionary review in the Texas Court of Criminal Appeals raising the grounds in this

federal petition, but that court did not believe him. (*Id.* at 2-3). Online research shows that Cowan has filed four applications for state postconviction relief. *See* Texas Judiciary Website, http://www.cca.courts.state.tx.us/opinions. The latest was dismissed in August 2004. On-line research further shows that Cowan has not filed a petition for discretionary review in the Texas Court of Criminal Appeals.

Cowan has not exhausted his available state court remedies because he has not presented, in a procedurally proper manner, his challenge to his 2011 civil commitment order to the State's highest court with criminal jurisdiction. This failure leaves this court with an improperly filed federal habeas petition. That petition is dismissed without prejudice to permit Cowan to file a state application under Texas Code of Criminal Procedure article 11.01[1] to raise his claims. Cowan's federal petition for a writ of habeas corpus is denied. Cowan's motion to proceed as a pauper, (Docket Entry No. 5), is granted. This case is dismissed without prejudice. Any remaining pending motions are denied as moot.

A Certificate of Appealability is not issued. The showing necessary for a Certificate of Appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000) (citing *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000)). An applicant makes a substantial showing when he demonstrates that his application involves issues that

---

[1] This statute provides:

> The writ of habeas corpus is the remedy to be used when any person is restrained in his liberty. It is an order issued by a court or judge of competent jurisdiction, directed to any one having a person in his custody, or under his restraint, commanding him to produce such person, at a time and place named in the writ, and show why he is held in custody or under restraint.

TEX. CODE CRIM. PROC. art. 11.01.

are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues deserve encouragement to proceed further. *See Finley v. Johnson,* 243 F.3d 2150, 218 (5th Cir. 2001).

When, as here, the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a Certificate of Appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack,* 529 U.S. 484. Cowan has not made the necessary showing for the issuance of a Certificate of Appealability.

SIGNED on May 6, 2011, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge